## DOVER *vs.* THE STATE OF GEORGIA.

When the people of a militia district have adopted the stock-law, it goes into effect within six months thereafter, and its going into operation does not depend upon the building of a fence around the district.

May 16, 1888.

Stock-law. Militia districts. Fence. Before Judge ADAMSON. City court of Carrollton. February term, 1888.

The charge of the court was as follows: "It being conceded that the ordinary of Carroll county has, in conformity with law, declared the provisions of the stock-law to be of force in the 1122d district G. M., of said county, you will inquire, 1st: If the cattle in question were legally impounded by the prosecutor within said district. 2d. If being legally impounded, whether the defendant, without having first paid all damages that may have been incurred, broke the pound and released said cattle. If the cattle in question committed any trespass or damage upon the premises of the prosecutor, or were found by him going at large on his premises, and he so finding them, impounded them in his lot, they were legally impounded, provided such things occurred in such district; and the way and

manner of said cattle getting at large, and whether or not the owner thereof or her children or servants were in immediate and hot pursuit of the cattle, or the frequency with which they had previously been allowed to go at large, could not be material to your investigation of the subject; neither is it necessary for you to inquire whether or not said district is fenced." The defendant makes the following assignments of error on this charge:

(1) Because it withheld from the jury the consideration of the question whether the prosecutor, under the pretext of the law, unnecessarily, or out of mere vexation, took up and impounded said cattle, which the evidence authorized them to consider.

(2) Because it withheld consideration of the question as to whether the stock-law is of force in a militia district of a county where said district is not fenced.

(3) Because it assumes the provisions of the stock-law to be of force in a militia district simply upon the declaration of the ordinary—without said district being fenced.

(4) Because the court refused to charge that if the prosecutor, under pretext of the law, unnecessarily, or out of mere vexation, took up and impounded said cattle, then they were not legally impounded, and the defendant would not be guilty of a crime for breaking such pound.

(5) Verdict contrary to law, etc.

G. W. AUSTIN and R. L. RICHARDS, by brief, for plaintiff in error.

C. P. GORDON, solicitor city court, and F. W. COBB, by OSCAR REESE, for the State.

SIMMONS, Justice.

It appears from the record in this case that the plaintiff in error, Sarah A. Dover, was tried in the city court of Carrollton upon an accusation charging her with breaking a pound, and was found guilty. She filed her bill of excep-

tions, setting out certain errors which she alleges the court committed in his charge to the jury upon the trial of the case, which will be found in the official report. It appears from the record that the people of the 1122d militia district of Carroll county, had adopted what is known as "the stock-law," at an election regularly held for that purpose. In accordance with the law, the ordinary declared the result of the election to be in favor of the stock-law. It furthermore appeared that no fence was erected around the district, as required by the code, §1455(a). The cattle of Mrs. Dover had strayed upon the premises of one Hensley, who had taken them up and impounded them, in accordance with §1451 of the code. It appears that he notified Mrs. Dover, in accordance with the law, of the impounding of her cattle, and that she went upon the premises of Hensley against his protest, and broke the pound or opened the gate and turned the cattle out.

The main question argued before us was, whether Hensley had a right to impound these cattle, there being no fence built around the militia district as contemplated by the statute. Counsel for the plaintiff in error contends that, for this reason, the law was inoperative; in other words, that the law did not go into effect with the vote of the people and the proclamation of the ordinary, and could not until the fence should be erected; and therefore that Hensley had no right to impound the cattle, Mrs. Dover residing outside of that particular militia district and in another county. It is contended further that, as this court had declared §1455 of the code unconstitutional and void, because the ordinary had no power to levy the tax prescribed in that section, the whole act was inoperative, because there was no power to levy a tax to build the fence around the district; and that the act could not go into effect until the fence was built.

We do not agree with the learned counsel in his contention. The law, after providing the manner and form of the election, declares, if the lawful majority in said elec-

tion is for the stock-law, " then the provisions of said six sections shall take effect in such county within six months thereafter." (The six sections alluded to are the sections prescribing the mode and manner of election, and declaring it illegal to allow cattle to run at large.) It will be observed that this act does not make the building of a fence around the district a condition on which it shall go into effect, but declares that, whenever a majority of the people of that district shall so determine, it shall go into effect within six months thereafter. If it had been the intention of the legislature that the act should not go into effect until the fence should be built, it would have been an easy matter for them to have so declared in the act itself; but they did not see proper to do so, but declared that it should go into effect within six months after the election. It is true that the act goes on to provide that, after this election, if the provisions of the stock law are adopted, it shall be the duty of the ordinary, as soon as practicable after the election, to have a good and substantial fence erected around the lines of the district; but it does not say that the act shall not go into effect until this is done. The erection of a fence is simply a means for the better carrying out of the law, and not a necessary condition to its going into effect. It might take longer than six months to build a fence around a militia district; various causes might arise to hinder or delay its erection. There might not be sufficient timber obtainable in the district for this purpose; the taxable property of the district might not be sufficient to enable them to raise money enough by taxation to build a fence around the district. This view is further strengthened by the time set apart in the act for the collection of this tax. No time is prescribed in the act when these elections shall be held, but the act does prescribe that the tax levied for the purpose of building a fence around the district shall be collected " at the same time and in the same manner as other State and county taxes are collected." In this State, the people have until the 20th of December of

each year to pay their State and county taxes. This election might be held in the latter part of December, or in January or February ; and the tax for the building of the fence could not be collected until nearly a year thereafter. The fence could not be built, perhaps, until the money was ready to pay the contractor for building it; and yet, according to the contention of counsel for the plaintiff in error, the law would be in abeyance during all this time, although the people had adopted the law at an election held for that purpose. We think, therefore, that after the people of the militia district have adopted the stock-law, it goes into effect within six months thereafter, and its going into operation does not depend upon the building of a fence around the district, as contended in this case.

Under the facts disclosed by the record, the conviction of the plaintiff in error was proper ; and the judgment of the court below is affirmed.