## HOLLEMAN *vs.* KINGERY.

This case is settled by the decision of this court in *Dover vs. State*, March term, 1888, (80 *Ga.* 781,) in which it was decided that the building of a fence around a militia district which had adopted the no fence law, as provided in section 1455(a) of the code, is not a condition precedent to the operation of the law.

January 12, 1889.

Fence law. Before Judge JENKINS. Wilkinson superior court. April term, 1888.

Reported in the decision.

F. CHAMBERS and J. W. LINDSEY, for plaintiff in error.

ROBERTS & CUMMING, and ROBERT WHITFIELD by J. H. LUMPKIN, *contra.*

BLANDFORD, Justice.

Holleman lived in a certain district in the county of Wilkinson that had adopted what is known as the "no fence law." Kingery resided in an adjoining district which had not adopted the "no fence law." Proclamation had been made of the adoption of the law by the former district, as provided in section 1455 of the code, but no fence had been built around the district. Kingery's hog strayed into the adjoining district, in which Holleman resided, and went upon Holleman's land, and Holleman impounded it. Kingery demanded possession of the hog, and Holleman refused to deliver possession unless he should be first paid the impounding fee. Kingery refused to pay the impounding fee, and sued out a possessory warrant. The justice of the peace decided that Holleman was entitled to retain possession of the hog; and Kingery thereupon sued out a writ

of *certiorari* to the superior court. The judge of the superior court set aside the judgment of the magistrate, and awarded possession of the property to Kingery, holding that the impounding charges were illegal and unwarranted by law. Holleman thereupon excepted.

This case is settled by the decision of this court in *Dover vs. The State*, rendered at the March term, 1888. 80 *Ga.* 781. In that case, the cattle of Mrs. Dover, the defendant, strayed into another district, in which the "no fence" law had been adopted, but around which no fence had been built, as contemplated by the law; and her cattle were impounded by a person residing in that district, upon whose land the cattle had strayed. She broke the pound, and was indicted therefor, and was convicted. The point was made that the conviction was illegal, because the "no fence" law was not in operation in the district, no fence having been built as contemplated by the law. This court upheld the conviction, deciding that the building of the fence around the district, as provided for in section 1455a of the code, is not a condition precedent to the operation of the law. We think that case is all fours with this; and we reverse the judgment of the court below.

Judgment reversed.